| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:08CR29–HEH |
| | ) Civil Action No. 3:12cv869 |
| RONALD DOBY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

On April 9, 2012, the Court received a letter from Ronald Doby seeking relief under *United States v. Simmons*.[1] The Court will construe this as a successive motion for reconsideration of sentence under 28 U.S.C. § 2255, and directs the Clerk to docket it as such. For the reasons stated below, Defendant's Motion will be dismissed for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences

---

[1] In *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit, sitting *en banc*, held:

> [I]n deciding whether to enhance federal sentences based on prior [state] convictions, we look not to the maximum sentence that [the state] courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

On June 25, 2010, Defendant filed a Motion to Vacate under § 2255. (ECF No. 33.) On February 1, 2012, this Court denied Defendant's motion. (ECF No. 46.) The present request for relief seeks reconsideration of Defendant's sentence, and thus falls squarely within the ambit of § 2255. *See In re Evans*, 12-1951, 2012 WL 4017413, *1 (4th Cir. Sept. 13, 2012). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to entertain Defendant's successive § 2255

2

Motion. Because the Court has not received authorization from the Fourth Circuit to file the Motion, the Motion will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "as substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Defendant fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 7, 2012
Richmond, VA

3